```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

SPENCER D. LAW                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO: 5:09-cv-116-DCB-JMR

AETNA LIFE INSURANCE COMPANY,
UNITED STATES OF AMERICA A/K/A
DEPARTMENT OF THE NAVY A/K/A
NAVAL INSTALLATIONS COMMAND,
and JOHN AND JANE DOES 1-10                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendant the United States' Motion to Dismiss [docket entry no. 15] and Defendant Aetna Life Insurance Company's separate Motion to Dismiss [docket entry no. 28]. Also before the Court is Plaintiff Spencer D. Law's Motion to Continue or For Leave to Amend [docket entry no. 23]. Having carefully considered said Motions, the Responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, this Court finds and orders as follows:

### I. FACTS AND PROCEDURAL HISTORY

The Plaintiff, Law, worked as an architect with the Bureau of Naval Personnel. The Bureau, known as BUPERS, established a disability insurance plan (the "Plan") for its employees. BUPERS then contracted with Defendant Aetna to administer the Plan, including the authority to make determinations with respect to benefit payments and to pay those benefits. Law enrolled in the Plan in 1996 and in 2007 made a claim for long term disability benefits, following years of struggle with diabetes, Hashimoto's

thyroiditis, and depression.  Law was denied benefits that same year and timely appealed but the appeal was denied.  Law then filed the instant litigation in July 2009  [docket entry no. 1] which initially named only Aetna and John Does 1-10 as Defendants and asserted claims for negligence and gross negligence, breach of contract, bad faith refusal to pay, and intentional infliction of emotional distress.  The Complaint also sought punitive damages.  In June 2010, Law filed an Amended Complaint [docket entry no. 11] in which he also named the United States as a Defendant.

The United States now moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  Aetna similarly moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Law has also moved to continue or for leave to amend in order to defend against the United States' Rule 12(b)(6) Motion.  This Court will first address the Motions to Dismiss for lack of subject matter jurisdiction and, because those are dispositive as to the claim against the United States, does not reach the United States' Motion to Dismiss for Failure to State a  Claim.[1]

---

[1] In its response to the United States' Motion to Dismiss, Law moved to continue the case to conduct limited discovery in order to defend against the United States' Motion under Rule 12(b)(6) and, in the alternative, moved for leave to amend his complaint if the Court found the 12(b)(6) Motion meritorious.  Because the jurisdictional issue is dispositive of Law's claims against the United States in this Court, this Court does not reach the United

**II.   STANDARD FOR MOTION TO DISMISS FOR LACK OF JURISDICTION**

On a motion brought under Fed. R. Civ. P. 12(b)(1), which a court must consider before any other challenge, see Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994), a court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).  Further, the court applies the same familiar standard used in ruling on a motion under Rule 12(b)(6).  In that respect, the court must limit its inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint. Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir. 1996). Further, the court must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them, Kaiser Aluminum & Chem. Sales, Inc., v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir.1982), and must review those facts in a light most favorable to the plaintiff. Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995); Garrett v. Commonwealth Mortgage Corp. of Am., 938 F.2d 591, 593 (5th Cir. 1991).

---

States' Motion to Dismiss under Rule 12(b)(6) and thus denies Law's Motions.

## III. ANSWER

**A.  The United States' Motion to Dismiss For Lack of Jurisdiction**

The United States moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that it is immune from suit in this Court pursuant to the Tucker Act.  Under the doctrine of sovereign immunity, the United States is presumptively immune from suit unless it consents to be sued.  Trutman v. United States, 26 F.3d 592, 594 (5th Cir. 1994).  The Tucker Act waives that immunity for a limited class of claims, including claims founded upon an express or implied contract with the United States.  28 U.S.C. §§ 1346(a)(1), 1491(a)(1).  However, the districts courts have jurisdiction of such claims (concurrent with the Court of Federal Claims) only if claimed damages do not exceed $10,000.  Id. at 1346(a)(1).  Where claimed damages are above $10,000, jurisdiction lies exclusively in the Court of Federal Claims. Id. at § 1491(a)(1); Amoco Prod. Co. v. Hodel, 815 F.2d 352, 358 (5th Cir. 1987).

Here, the Amended Complaint states that the amount in controversy exceeds $75,000 and attaches a form claiming that Law's total damages are $1,862,315.78.  There is no question, therefore, that Law's claims exceed $10,000 and that his claim for breach of contract against the United States (Count II) must be dismissed because it lies within the exclusive jurisdiction of the Court of Federal Claims.  28 U.S.C. § 1491 (a)(1).  The United States

4

further argues, however, that Law's remaining claims, though nominally sounding in tort, arise out of the alleged breach of contract and thus also properly fall within the Tucker Act. E.g., Herder Truck Lines v. United States, 335 F.2d 261, 263 (5th Cir. 1964). Law does not respond to this argument and instead, cryptically states: "The Plaintiff does not argue that his claim lies within the parameters discussed in the Defendant's Brief in their Sections IV(a)(2) through (4) [which address the Tucker Act]." Pl. Response [docket entry no. 24] at 2.

Law's remaining claims are for negligence and gross negligence, bad faith refusal to pay, and intentional infliction of emotional distress.[2] In determining whether a claim is based on tort or contract, the court is not bound by the plaintiff's characterizations in the complaint. City Nat'l Bank v. United States, 907 F.2d 536, 546 (5th Cir. 1990). Instead, the court must examine the essence of the plaintiff's claims to determine whether they arise out of the failure to perform a contractual obligation. Id. (affirming dismissal of a claim for gross negligence under the Federal Tort Claims Act because it arose out of the government's failure to act in accordance with loan agreement). Moreover, to

---

[2] Law also asserts as Count V that he is entitled to punitive damages, but a claim for punitive damages is derivative of other claims and not a separate cause of action. See Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc., 257 F.3d 449, 461(5th Cir. 2001). Accordingly, this Court does not consider this "claim" in its jurisdictional analysis.

the extent that a plaintiff alleges a tortious breach of contract, the claim nonetheless is a contract claim governed by the Tucker Act.  Mega Constr. Co. v. United States, 29 Fed. Cl. 396, 478 (Fed. Cl. 1993) ("[T]he court has consistently interpreted the Tucker Act to allow jurisdiction over claims which, although somewhat tortious in nature, are essentially based upon the violation of a contractual obligation.") (citing Chain Belt Co. v. United States, 127 Ct. Cl. 38, 115 (Ct. Cl. 1953)).  Relatedly, the Fifth Circuit has consistently held that claims which are founded upon an alleged failure to perform contractual obligations are not tort claims where jurisdiction is governed by the Federal Tort Claims Act; this is so even when the plaintiff alleges claims for torts such as misrepresentation, negligence, or bad faith breach of contract. Davis v. United States, 961 F.2d 53, 56 (5th Cir. 1991); City Nat'l, 907 F.2d at 546; Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351, 357-58 (5th Cir. 1965).

     The Northern District of Mississippi case of Award v. United States provides a helpful example of the application of this well-established precedent.  2001 WL 741638 (N.D. Miss. 2001).  There, the plaintiff, a citizen of Switzerland and Lebanon with ties to terrorist organizations, entered into the United States Marshals Service Witness Security Program pursuant to a contract with the United States to provide information useful to the United States in defending against terrorism.  Id. at *1-2.  As part of the

contract, the plaintiff was to be given citizenship and a United States passport in exchange for placing his other identification documents, including his Swiss/Lebanese passport, in safekeeping with the Marshals Service. Id.  After several years, the plaintiff left the Witness Security Program and alleged that he was not given a United States passport or permitted to leave the United States, in contravention of his contract.  Id.

The plaintiff then filed suit in district court, asserting jurisdiction under the Federal Tort Claims Act over claims for bad faith breach of contract, false imprisonment, conspiracy, intentional infliction of emotional distress, invasion of privacy, negligence, trespass to chattels, and conversion. Id. at *8.  The district court nevertheless found that each of those claims arose from and was inexplicably intertwined with the United States' supposed breach of its contract with the plaintiff and was thus governed by the Tucker Act, rather than the Federal Tort Claims Act.  For example, the plaintiff alleged false imprisonment in that he was wrongfully detained in the United States. Id. at *4.  The district court held that the claim turned on his contractual relationship with the United States because "his detention, if any, was solely the result of the United States not fulfilling its purported contractual obligation to provide him with United States citizenship and a passport." Id.  Likewise, the plaintiff alleged that the government's behavior, in connection with the purported

breach of the witness security agreement, constituted intentional infliction of emotional distress.  Id. at *5.  The district court held that the claim sounded in contract because "the *sine qua non* of the claim is the existence of the alleged contracts."  Id.

Similarly, this court holds that Law's remaining claims, though nominally sounding in tort, arise out of the alleged breach his disability insurance policy and thus are contract claims.  As to Count I, for negligence and gross negligence, the Amended Complaint alleges that "Defendants acted with negligence, gross negligence, willful disregard and/or malice" when they "negligently failed to pay Plaintiff the LTD [long term disability] Benefits to which he was entitled."  Am. Compl. [docket entry no. 11] at ¶ 33.  Whether Law was entitled to benefits will be determined by the insurance policy and thus Count I sounds in contract, rather than tort.  See United States v. Huff, 165 F.2d 720, 725 (5th Cir. 1948)(holding the Tucker Act provides jurisdiction for claims of tortious breach of contract).  Similarly, Count III, for bad faith refusal to pay, alleges that "Defendants acted with negligence, gross negligence, willful disregard and/or malice in refusing to pay the claim submitted by the Plaintiff." Am. Compl. at ¶ 42.  As with Count I, the success of this claim depends upon whether Defendants did, in fact, breach the insurance policy in refusing to provide benefits to Law, and thus this count likewise sounds in contract.

Lastly, Count IV alleges intentional infliction of emotional distress, in that Defendants "knew that its [sic] actions in wrongfully and maliciously denying coverage to the Plaintiff placed his [sic] under enormous financial and emotional stress, resulting in further damage and personal injury." Am. Compl. at ¶ 44. Again, if Defendants were within their rights under the insurance contract in denying benefits to Law, this claim necessarily fails and thus, it also sounds in contract. Accordingly, because all of Law's claims against the United States sound in contract and they are for more than $10,000, this Court has no jurisdiction under the Tucker Act and jurisdiction lies exclusively with the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); Amoco, 815 F.2d at 358.

**B.   Aetna's Motion to Dismiss for Lack of Jurisdiction.**

Aetna likewise moves to dismiss for lack of subject matter jurisdiction in this Court, contending that it is entitled to "derivative immunity." The cases Aetna cites in support of such derivative immunity, however, arise exclusively under the Federal Tort Claims Act and thus are inapposite given this Court's holding that all of Law's claims arise out of the insurance contract. This Court has not found any examples of derivative immunity for a government contractor in cases where jurisdiction is governed by the Tucker Act.

Though Aetna asserts that Law's contract claims are within the exclusive jurisdiction of the Court of Federal Claims pursuant to

9

the Tucker Act, the Tucker Act has no bearing on Law's claims against Aetna which are not claims against the United States. 28 U.S.C. § 1491(a)(1)("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* ...")(emphasis added).  Indeed, the Court of Federal Claims has no jurisdiction over Law's claims against Aetna. Bowling v. United States, 93 Fed. Cl. 551, (Fed. Cl. 2010)(holding the Court of Federal Claims had no jurisdiction over claims against Johns Mansville corporation because it is a private entity). Accordingly, because the Tucker Act does not govern contract claims against private entities, it is inapplicable to Law's claims against Aetna and its Motion to Dismiss for lack of subject matter jurisdiction must be denied.

## IV. DISPOSITION

Where a district court finds that it lacks jurisdiction, the preferred procedure is to transfer the case to the proper court. 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other court in which the action or appeal could have been brought at the time it was filed."); Awad, 2001 WL 741638 at *8 (transferring claims governed by the Tucker Act from the Northern District of Mississippi to the Court of Federal Claims). In this instance, however, this entire matter cannot be transferred

to the Court of Federal Claims because, as discussed above, that Court does not have jurisdiction over Law's claims against Aetna. While this Court could sever the claims against Aetna from the claims against the United States and transfer only the latter, doing so would leave two separate courts addressing related claims at the same time and place Law in a distant venue without his choosing.

Accordingly, this Court is inclined to dismiss Law's claims against the United States (leaving only the claims against Aetna pending in this Court), thereby allowing Law to determine whether to refile his claims against the United States in the Court of Federal Claims. However, this Court will give Law ten (10) days from the date of entry of this Memorandum Opinion to indicate to the Court if he would prefer that his claims against the United States be severed and transferred to the Court of Federal Claims. To the extent that the United States or Aetna has a position on the issue, they also have ten (10) days from the date of this order to present such positions to the Court. If the Court hears nothing, the United States' Motion to Dismiss will be granted.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that a ruling on the United States' Motion to Dismiss [docket entry no. 15] is **HELD IN ABEYANCE.** All parties shall have ten (10) days from the date of this Memorandum Opinion to present argument, if any, for severance and transfer of

the claims against the United States to the Court of Federal Claims;

**IT IS FURTHER ORDERED** that the Plaintiff Law's Motion to Continue or for Leave to Amend [docket entry no. 23] is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Aetna's Motion to Dismiss for Lack of Subject Matter Jurisdiction [docket entry no. 28] is **DENIED**.

**SO ORDERED**, this the 12th day of July, 2011.

<u>  s/ David Bramlette          </u>

**UNITED STATES DISTRICT JUDGE**